# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### NORTHERN DIVISION

_____
                                 )

ANDREW HAMMOND              )
JENNIFER HAMMOND         )
                                 )

      Plaintiffs,                )      Case No. 1:19-cv-2650
                                 )

v.                             )
                                 )

CAPITAL BANK, N.A.           )
                                 )

      Defendant.              )
_____)

## DEFENDANT CAPITAL BANK, N.A.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

Defendant, Capital Bank, N.A. ("Capital Bank"), by and through counsel, respectfully submits this Answer and Defenses to the complaint filed by Plaintiffs Andrew Hammond and Jennifer Hammond on or about September 11, 2019 ("Complaint").

The following specific responses correspond numerically with the specific paragraphs of the Complaint. To the extent an answer is required to the allegations and claims contained in the Complaint's unnumbered headings/section summaries, Capital Bank denies such allegations and claims.

## PARTIES

1.     Capital Bank admits the allegations contained in Paragraph 1.

2.     Capital Bank, a nationally chartered bank and Maryland financial institution, denies it is a corporation. Capital Bank admits the remaining allegations contained in Paragraph 2.

3.     Capital Bank denies the allegations contained in Paragraph 3.

## JURISDICTION AND VENUE

4.      Capital Bank states that the allegations of Paragraph 4 are legal conclusions and, so stating, denies them.

5.      Capital Bank states that the allegations of Paragraph 5 are legal conclusions and, so stating, denies them.

## FACTS

6.      Capital Bank states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 6 and, so stating, denies them.

7.      Capital Bank states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 7 and, so stating, denies them.

8.      Capital Bank states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 8 and, so stating, denies them.

9.      Capital Bank states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 9 and, so stating, denies them.

10.      Capital Bank states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 10 and, so stating, denies them.

11.      Capital Bank states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 11 and, so stating, denies them.

12.      Capital Bank admits the allegations contained in Paragraph 12.

13.      Capital Bank admits the allegations contained in Paragraph 13.

14.      Capital Bank denies the allegations contained in Paragraph 14.

15.      Capital Bank states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 15 and, so stating, denies them.  Further

answering, the allegations contained in Paragraph 15 are vague as to the meaning of "commission" and "other compensation associated with the closing of the mortgage."

16.     Capital Bank states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 16 and, so stating, denies them.

17.     Capital Bank states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 17 and, so stating, denies them.

18.     Capital Bank denies the allegations contained in Paragraph 18.

19.     Capital Bank denies the allegations contained in Paragraph 19.

20.     Capital Bank denies the allegations contained in Paragraph 20.

21.     Capital Bank denies the allegations contained in Paragraph 21..

22.     Capital Bank denies the allegations contained in Paragraph 22.

23.     Capital Bank denies the allegations contained in Paragraph 23.

24.     Capital Bank denies the allegations contained in Paragraph 24.

25.     Capital Bank denies the allegations contained in Paragraph 25.

26.     Capital Bank states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 26 and, so stating, denies them.

27.     Capital Bank states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 27 and, so stating, denies them.

28.     Capital Bank denies Plaintiffs insisted that Defendant correct the rate.  Capital Bank admits the remaining allegations contained in Paragraph 28.

29.     Capital Bank denies the allegations contained in Paragraph 29.

30.     Capital Bank states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 30 and, so stating, denies them.

31.     Capital Bank denies the allegations contained in Paragraph 31.

32.     Capital Bank denies the allegations contained in this Paragraph 32.

33.     Capital Bank denies the allegations contained in this Paragraph 33.

34.     Capital Bank denies the allegations contained in this Paragraph 34.

35.     Capital Bank states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 35 and, so stating, denies them.

36.     Capital Bank states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 36 and, so stating, denies them.

37.     Capital Bank denies the allegations contained in Paragraph 37.

38.     Capital Bank denies the allegations contained in Paragraph 38.

39.     Capital Bank denies the allegations contained in Paragraph 39.

40.     Capital Bank denies the allegations contained in Paragraph 40.

41.     Capital Bank denies the allegations contained in Paragraph 41.

42.     Capital Bank denies the allegations contained in Paragraph 42.

43.     Capital Bank states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 43 and, so stating, denies them.

44.     Capital Bank states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 44 and, so stating, denies them.

45.     Capital Bank denies the allegations contained in Paragraph 45.

46.     Capital Bank denies the allegations contained in Paragraph 46.

47.     Capital Bank states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 47 and, so stating, denies them.

48.     Capital Bank states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 48 and, so stating, denies them.

49.     Capital Bank denies the allegations contained in Paragraph 49.

50.     Capital Bank denies the allegations contained in Paragraph 50.

51.     Capital Bank denies the allegations contained in Paragraph 51.

52.     Capital Bank denies the allegations contained in Paragraph 52.

53.     Capital Bank denies the allegations contained in Paragraph 53.

54.     Capital Bank states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 54 and, so stating, denies them.

55.     Capital Bank denies the allegations contained in Paragraph 55.

56.     Capital Bank denies the allegations contained in Paragraph 56.

57.     Capital Bank states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 57and, so stating, denies them.

58.     Capital Bank states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 58 and, so stating, denies them.

59.     Capital Bank denies the allegations contained in Paragraph 59.

60.     Capital Bank states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 60 and, so stating, denies them.

61.     Capital Bank states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 61 and, so stating, denies them.

62.     Capital Bank states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 62 and, so stating, denies them.

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE TRUTH IN LENDING ACT
### 15 U.S.C. § 1639(b) and 12 C.F.R. § 1026.19(f)

63.    Capital Bank reasserts its answers and responses set forth herein.

64.    Capital Bank states the allegations of Paragraph 64 are legal conclusions and, so stating, denies them.

65.    Capital Bank admits is "regularly extends consumer credit in the form of mortgages on an interest-bearing basis" and denies the remaining allegations contained in Paragraph 65.

66.    Capital Bank admits the allegations contained in Paragraph 66.

67.    Capital Bank states the allegations of Paragraph 67 are legal conclusions and, so stating, denies them.

68.    Capital Bank states the allegations of Paragraph 68 are legal conclusions and, so stating, denies them.

69.    Capital Bank denies the allegations contained in Paragraph 69.

70.    Capital Bank denies the allegations contained in Paragraph 70.

### COUNT II
### VIOLATION OF THE TRUTH IN LENDING ACT
### 15 U.S.C. § 1639b(b)(1)(A)

71.    Capital Bank reasserts its answers and responses set forth herein.

72.    Capital Bank states the allegations of Paragraph 72 are legal conclusions and, so stating, denies them.

73.    Capital Bank denies the allegations contained in Paragraph 73.

74.    Capital Bank states the allegations of Paragraph 74 are legal conclusions and, so stating, denies them.

75. Capital Bank denies the allegations contained in Paragraph 75.

76. Capital Bank denies the allegations contained in Paragraph 76.

## COUNT III
## VIOLATION OF THE MARYLAND CONSUMER PROTECTION ACT
### Md. Code Ann., Comm. Law § 13-301 *et seq*.

77. Capital Bank reasserts its answers and responses set forth herein.

78. Capital Bank denies the allegations contained in Paragraph 78.

79. Capital Bank denies the allegations contained in Paragraph 79.

80. Capital Bank denies the allegations contained in Paragraph 80.

81. Capital Bank denies the allegations contained in Paragraph 81.

82. Capital Bank denies the allegations contained in Paragraph 82.

83. Capital Bank denies the allegations contained in Paragraph 83.

## COUNT IV
## VIOLATION OF THE MORTGAGE FRAUD PREVENTION ACT
### Md. Code Ann. Real Prop. ¶¶ 7-401 *et seq*.

84. Capital Bank reasserts its answers and responses set forth herein.

85. Capital Bank states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations "Plaintiffs are record owners of the Daisy House" and, so stating, denies them. Capital Bank states the remaining allegations of Paragraph 85 are legal conclusions and, so stating, denies them.

86. Capital Bank denies the allegations contained in Paragraph 86.

87. Capital Bank denies the allegations contained in Paragraph 87.

88. Capital Bank denies the allegations contained in Paragraph 88.

89. Capital Bank denies the allegations contained in Paragraph 89.

90. Capital Bank denies the allegations contained in Paragraph 90.

## COUNT V
## BREACH OF FIDUCIARY DUTY

91.     Capital Bank reasserts its answers and responses set forth herein.

92.     Capital Bank states the allegations of Paragraph 92 are legal conclusions and, so stating, denies them.

93.     Capital Bank states the allegations of Paragraph 93 are legal conclusions and, so stating, denies them.

94.     Capital Bank denies the allegations contained in Paragraph 94.

95.     Capital Bank denies the allegations contained in Paragraph 95.

96.     Capital Bank denies the allegations contained in Paragraph 96.

## COUNT VI
## MORTGAGE FRAUD

97.     Capital Bank reasserts its answers and responses set forth herein.

98.     Capital Bank denies the allegations contained Paragraph 98.

99.     Capital Bank denies the allegations contained in Paragraph 99.

100.     Capital Bank denies the allegations contained in Paragraph 100.

101.     Capital Bank denies the allegations contained in Paragraph 101.

102.     Capital Bank denies the allegations contained in Paragraph 102.

103.     Capital Bank denies the allegations contained in Paragraph 103.

## PRAYER FOR RELIEF

Capital Bank denies Plaintiffs are entitled to any damages, costs, fees, or other relief from or against Capital Bank.

## TRIAL BY JURY

Capital Bank denies that the statements contained in this paragraph require a response from Capital Bank.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof where it otherwise lies with Plaintiffs, Capital Bank alleges the following affirmative defenses:

1.      Plaintiffs failed to state a claim against Capital Bank upon which relief may be granted.

2.      Capital Bank is entitled to recoupment to the extent of any amounts owed by Plaintiffs, at the time of any judgment entered in this matter. Without limiting the foregoing, Capital Bank is entitled to set off any delinquency in Plaintiffs' accounts against any recovery that may be obtained by Plaintiffs under 15 U.S.C. § 1640(a).

3.      The Complaint and each of its purported causes of action are barred by the conduct, actions and inactions of Plaintiffs, which amount to and constitute a waiver of any right or rights that Plaintiffs may or might have in relation to the matters alleged in the Complaint. Upon information and belief, Plaintiffs intentionally withheld and failed to disclose material information appurtenant to the loan approval process adversely affecting the scope and speed of the loan approval process of which Plaintiffs complain.  Such failure to disclose caused substantial prejudice to Capital Bank in that, without limitation, it delayed the process and gave Capital Bank an intentionally incomplete and inaccurate statement as to Plaintiffs' finances and existing debt.

4.      Claimant's state statutory and common law claims are pre-empted by the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.* ("TILA").

5.      If any violation of law occurred, which is assumed only for the purpose of this affirmative defense, such violation was unintentional and resulted from bona fide error, notwithstanding Capital Bank's maintenance of procedures reasonably adapted to avoid any such error.

6.      At all relevant times, Capital Bank acted within the absolute and qualified privileges afforded it under TILA, the United States Constitution, applicable State constitutions, and the common law.

7.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

8.      Plaintiffs' claims are barred, in whole or in part, by fraud on the part of Plaintiffs.

9.      Plaintiffs cannot prove any damages or any actual injury in this action.

10.     Because Plaintiffs lack any actual injury, Plaintiffs lack standing to prosecute this action.

11.     Plaintiffs failed to take reasonable steps to mitigate their damages, if any.

12.     To the extent Plaintiffs suffered or will suffer any damages, Plaintiffs own actions, inactions, or negligence have caused or contributed to such damages; therefore, Plaintiffs' claims are barred, or, alternatively, any recovery due to Plaintiffs must be reduced in proportion to such fault on the part of Plaintiffs.

13.      Plaintiffs damages, if any, are the result of acts or omissions committed by non-parties to this litigation, over which Capital Bank has no responsibility or control.

14.     Any claim for exemplary or punitive damages asserted by Plaintiffs violates Capital Bank's rights under the Due Process and Excessive Fines clauses of the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution and the analogous

provisions of applicable State constitutions and under the First Amendment to the United States Constitution and the analogous provisions of applicable State constitutions.

15.     Capital Bank affirmatively raises and reserves all applicable equitable defenses, including, but not limited to, unclean hands.

16.     Capital Bank reserves the right to assert additional defenses as may become apparent through additional investigation and discovery.

WHEREFORE, Capital Bank requests the following relief:

(1)     That Plaintiffs take nothing from Capital Bank by virtue of the Complaint;

(2)     That the Court award Capital Bank its attorneys' fees, expenses and costs to the full extent permitted by law; and

(3)     Other relief the Court deems just and proper.

Respectfully submitted,

Dated:  November 25, 2019

*/s/ Katie Lane Chaverri*
Katie Lane Chaverri
David Lee Tayman
TAYMAN LANE CHAVERRI LLP
601 13th St. NW, Suite 900 South
Washington, DC  20005
Tel: (202) 695-8146
kchaverri@tlclawfirm.com
dtayman@tlclawfirm.com

*Attorneys for Capital Bank N.A.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of November 2019, a copy of the foregoing

Answer and Affirmative Defense to Complaint was filed and served on counsel of record

through the Court's ECF System and by electronic mail on the following:

> Courtney L. Weiner, Esquire
> 1629 K Street, N.W., Suite 300
> Washington, D.C.  20006
> cw@courtneyweinerlaw.com

*/s/ Katie Lane Chaverri*
Katie Lane Chaverri